IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:04-CR-75 (PHILLIPS/SHIRLEY) |
| CHANCE WADE, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

The defendant's *pro se* Application to Proceed Without Prepayment of Fees and Affidavit [Doc. 183], filed on September 20, 2005, is before this Court upon referral by the District Court. The defendant's judgment [Doc. 179] was entered on September 7, 2005, and the defendant filed a *pro se* Notice of Appeal also on September 20, 2005. In the present application, the defendant asks to proceed on appeal without payment of fees or costs because he is unable to pay them. In this respect, he provides an affidavit listing his lack of income and limited assets.

Initially, the Court observes that the defendant was represented by retained Attorney Ralph E. Harwell from arraignment through the sentencing phase of his case. It appears that with the entry of judgment, both the defendant and Mr. Harwell believe that Mr. Harwell's participation in the case has terminated. The Court notes that Mr. Harwell has not filed a motion to withdraw nor been given leave to withdraw, as is generally required by Local Rule 83.4(e) and (f). Moreover, pursuant to the Sixth Circuit's rules, it appears that Mr. Harwell must continue to represent the defendant unless and until relieved of his representation by the Sixth Circuit now that the defendant

1

has filed a notice of appeal:

> Trial counsel in criminal cases, whether retained or appointed by the district court, is responsible for the continued representation of the client on appeal until specifically relieved by the Court.

U.S.Ct.of App. 6th Cir. R. 101(a).

Pursuant to Local Rule 83.4(c), the defendant should not have filed the present application *pro se* because he is still represented by counsel. Nevertheless, even if the Court could consider his Application to Proceed Without Prepayment of Fees and Affidavit (whether filed *pro se* or with assistance of counsel) the Court would be constrained to deny it at this time. Rule 24 of the Rules of Appellate Procedure requires that parties seeking to proceed in forma pauperis must file a motion in the district court with an attached affidavit that

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)-(C).

The Sixth Circuit's rules require that

> [i]f a convicted defendant did not qualify to proceed in forma pauperis in the district court, but appears to qualify on appeal, trial counsel must see that the defendant receives and completes the appropriate affidavit form (CJA Form 23), which is available in the district court clerk's office. Pursuant to [Federal Rule of Appellate Procedure] 24, the application must be first directed to the district court.

U.S.Ct. of App. 6th Cir. R. 24.

Even if the Court were to find that the financial information provided in the *pro se*

application substantially complied with subsection (A) of Federal Rule of Appellate Procedure 24, the defendant has not complied with subsections (B) and (C).[1] Because the defendant has not complied with Rule 24, Fed. R. App. P., the Court must **DENY** his application [**Doc. 183**] at this time. The defendant will need to refile an application with the required information as set forth herein. Unless defense counsel has been relieved of his representation of the defendant, he will be expected to assist the defendant in any such refiling. Copies of Form 4, referenced in Fed. R. App. P. 24, and CJA Form 23, referenced by Sixth Circuit Rule 24, are attached to this order. If the defendant refiles his application in compliance with these rules, the Court is inclined to grant it.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] The Court notes that the requirement that a defendant seeking to appeal in forma pauperis provide the information in subsections (B) and (C) may explain in part why trial counsel must continue to represent the defendant on appeal.

3